UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

In re: DAVID X. MANNERS            18cv778 (WWE)

**RULING ON AMENDED MOTION TO DISMISS**

In this action, Joseph McMahon appeals certain bankruptcy rulings by United States Bankruptcy Judge Tancredi. Appellees have filed a Motion to Dismiss, an Amended Motion to Dismiss and a Motion to Stay Briefing, while Appellant has filed a Motion for a Stay Pending Appeal.

For the following reasons, the amended motion to dismiss will be granted. All other pending motions will be found as moot.

## Background

David Manners is the sole shareholder and President of debtor, David X Manners, Co., Inc. ("DXM"), which filed a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code on October 23, 2015. The Chapter 11 proceeding was voluntarily converted to Chapter 7 on January 27, 2016.

Appellant McMahon is the principal creditor to DXM based on a New York state court proceeding finding liability for unpaid commissions in the amount of $173,720.70. McMahon filed a proof of claim based on that New York court proceeding in the DXM bankruptcy. He also filed a second

proof of claim based on another New York State court case that he had filed against Manners and DXM, in which he alleged that he was owed $298,587.74 due to unpaid commissions and his employee status at DXM. Manners sought derivative standing to object to the second proof of claim and filed a motion for leave to object to proof of claim.

On February 13, 2018, the Bankruptcy Court granted Manners's motion to object and issued a written decision on February 23, 2018.  The written decision instructed:  "Manners shall promptly file either an expedited stay relief motion or stipulation providing for limited relief to reduce the jury verdict in Suit 1 to a final judgment of the trial, but otherwise staying any appeals or further process therein unrelated to the entry of judgment in the Supreme Court of the State of New York."

Manners filed a Stipulation for Relief from the Automatic Stay that was endorsed by the Bankruptcy Trustee and granted by the Bankruptcy Judge on April 26, 2018.  The stipulation provided for limited relief from the automatic stay to allow Manners to seek a final judgment in the first New York state proceeding prior to any contest on the objection to McMahon's second proof of claim.  As the Bankruptcy Court explained, Manners had previously argued that judgment in Suit 1 would bar Suit 2 on res judicata and on other grounds, and consequently, it would also bar the objected to

Claim deriving from Suit 2.  Resolution efforts between the parties failed due to disputes over the allegedly duplicative claims.  The Bankruptcy Court concluded that entry of a formal judgment in Suit 1 would allow for the issues concerning res judicata, collateral estoppel, Rooker-Feldman doctrine, and judicial estoppel to be "briefed and tried in a contested hearing where the legal significance of the jury verdict and judgment in Suit 1 can be consistent with applicable law."   McMahon had filed an objection to the motion but he did not move to intervene in the matter.

On May 5, 2018, McMahon filed a Notice of Appeal and Statement of Election with the Bankruptcy Court, appealing the Bankruptcy Court's rulings granting Manners's motion to object and the approval of the Stipulation for a Stay of Relief.

Manners maintains that McMahon's appeal should be dismissed for lack of standing, nonappealablity, and untimeliness.

## Discussion

The district court has jurisdiction to review all final jurdgments, orders and decrees of the bankruptcy court.  28 U.S.C. §158(d)(1).  However, in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court."  DISH

Network Corp. v. DBSD N. Am., Inc., 634 F.3d 79, 89 (2d Cir. 2011). Bankruptcy aggrievement is "stricter than Article III's injury in fact test," due to a concern that "freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters." Licensing by Paolo, Inc. v. Sinatra, 126 F.3d 380, 388 (2d Cir. 1997). The fact that an appealing party "could suffer financial injury as a result of a future adverse decision" is not directly attributable to the bankruptcy decision, and therefore, it is insufficient to establish standing. In re Dunne, 684 Fed. Appx. 85, 87 (2d Cir. 2017). Further, the fact that a creditor may have had the opportunity to be heard in a bankruptcy hearing does not confer standing on appeal, without the party having intervened in accordance with the Bankruptcy Rules. In re Thompson, 965 F.2d 1136, 1142 (1st Cir. 1992).

Here, the challenged Bankruptcy Court's rulings do not directly and adversely affect McMahon financially. Prior to rendering a decision on the objection to the second proof of claim, the Bankruptcy Court should allow the state court in the second lawsuit to determine whether res judicata, collateral estoppel, Rooker-Feldman doctrine, and judicial estoppel bar plaintiff's claims for $298,487.74. Accordingly, the Court finds that

McMahon lacks standing to appeal the Bankruptcy Court's orders. The Court will grant the motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss [DOC. #8] is GRANTED. All other pending motions are thereby rendered MOOT.

The Court requests that the Bankruptcy Court allow the state court in the second lawsuit to determine whether res judicata, collateral estoppel, Rooker-Feldman doctrine, and judicial estoppel bar plaintiff's claims for $298,487.74, prior to a decision on the objection to the second proof of claim.

The Court instructs the clerk to remand this case to the bankruptcy court.

Dated this 20th day of June, 2018, at Bridgeport, Connecticut.

                                               /s/Warren W. Eginton
                                               Warren W. Eginton
                                               Senior U.S. District Judge